■ Norton Operating Services, Inc., Appellant, v Iris Perry, Respondent.—In an action to recover upon two promissory notes, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), dated May 15, 1989, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced the instant lawsuit to collect payment of two promissory notes executed by the defendant and her former husband. The notes in question were executed and delivered on April 29, 1985 (face amount of $15,000), and June 19, 1985 (face amount of $55,000), respectively; both notes are payable on demand with interest at 11.47% per annum. The record indicates that the money borrowed by the defendant and her ex-husband was deposited into the account of a corporation which operated a liquor store. According to the defendant, the liquor business was owned 100% by her ex-husband, and she never received any benefit from the money that was loaned by the plaintiff.

In the papers submitted before the Supreme Court, the defendant argued that the notes are void as to her because she had been physically abused by her ex-husband and coerced by him into signing them. She alleged that Michael Klosk, president of the plaintiff corporation and her ex-husband's cousin, was aware that she had been beaten in the past and that she had been threatened with further abuse in the future if she did not cosign the notes for the money he (Klosk) was lending solely for the benefit of his cousin's business.

Mr. Klosk denied knowing that the defendant's former

husband had physically abused her at the time the notes were executed. In any event, he argued that the defendant had waived the defense of duress because of her failure to raise it timely, and by making partial payments on the notes. The Supreme Court held that the duress defense has been sufficiently raised so as to preclude summary judgment on the complaint. We now affirm.

The record does not support the plaintiff's contention that the defendant waived the defense of duress as a matter of law. The defendant made a single $75 payment several months after receiving a formal written demand for repayment from the plaintiff's lawyers. However, we cannot conclude from this record that the defendant was no longer under duress at the time the one payment was made. Moreover, the allegations of physical coercion, if proven, would constitute a complete defense and render the notes unenforceable as against the defendant (cf., UCC 3-305 [2] [b], comment 6; Loomis v Ruck, 56 NY 462). Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.